

Unsealed 5/8/03

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE UNITED STATES OF AMERICA,
          Plaintiff

vs.

          Case No: 00-6047-CR-Huck

JARROD KNIGHT,
          Defendant.

### DEFENDANT'S EMERGENCY MOTION TO INTERVIEW JUROR and/or JURY PANEL, TERMINATE UNITED STATES' INVESTIGATION OF JUROR and MEMORANDUM OF LAW
(FILED UNDER SEAL)

COMES NOW, the defendant, Jarrod Knight, by and through undersigned counsel, and respectfully requests this Honorable Court interview Juror Beverly Reaves and/or the entire jury panel in this cause and terminate the Government's investigation into Juror Beverly Reaves and as grounds in support thereof would state the following:

1. The defendant Jarrod Knight was initially found not guilty by the jury on Counts I and II of the indictment. That verdict was later crossed out and changed to "the jury cannot reach a verdict".

2. Sometime prior to the June 19, 2001 order by the Court and/or the subsequent dissemination of the order by counsel to the parties, Beverly Reaves contacted Thomas Parker, Jarrod Knight's uncle, and told Mr. Parker that the jury had a unanimous, signed verdict as to Jarrod Knight finding him not guilty on Counts I and II. Ms. Reaves further stated that after the jury reached a verdict, the "scruffy male juror" changed his mind and two to three other jurors

joined him. Significantly, Ms. Reaves believes that there was improper fraternizing between these jurors and that they may have conducted their own deliberations outside of the other jurors. This proffer is not intended to be a verbatim restatement of the conversation, and that is why it is necessary to hear from Ms. Reaves herself and inquire into whether her beliefs are well-founded. Furthermore, at no time did Ms. Reaves attempt to solicit a bribe form Mr. Parker and/or Jarrod Knight during this conversation, thereby rendering the Government's suspicions completely without merit.

3. Since counsel's interpretation of the initial message of Ms. Reaves (that potential juror misconduct may have had an influence on Counts I and II) has now proven to be correct, and the Government suspicions are totally unfounded, the Court should immediately terminate the Government's investigation and interview Ms. Reaves individually and/or the entire jury panel.

4. If Ms. Reaves has information that there was improper outside influences on this jury panel, the defendant has a right to have Juror Reaves and/or the entire panel interviewed. A party claiming that an improperly influenced jury returned a verdict against him must be given an opportunity to prove his claim. *United States v. Forrest*, 620 F.2d 446, 458 (5th Cir. 1980) *citing Remmer v. United States*, 350 U.S. 377, 76 S. Ct. 425, 100 L. Ed. 435 (1956). While it is well settled in the Eleventh Circuit that the procedure to be used in investigating incidents of jury misconduct and the decisions whether to hold a hearing rest in the sound discretion of the trial court, when juror misconduct concerns influences from outside sources the complete failure of

the trial court to hold a hearing constitutes an abuse of discretion and is reversible error because a presumption of prejudice arises when the trial court learns of such influences. *See United States v. Chiantese*, 582 F. 2d 974, 978 (5th Cir. 1978), cert. denied, 441 U.S. 922, 99 S. Ct. 2030, 60 L. Ed. 395 (1979). While the cases cited by counsel are factually distinguishable, they provide the legal framework that the Court must consider in determining whether to hold a hearing.

5. Here, the fact that one or more jurors could have been deliberating on their own outside of the other jurors and therefore outside of the jury room raises the specter that they also may have been subject to outside influences.

WHEREFORE the defendant prays this Honorable Court grant his motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed to AUSA Mike Dittoe, AUSA Terry Lindsey, Gary Rosenberg, Esq., Harold Keefe, Esq., and Phillip Horowitz, Esq. on this 20th day of June, 2001.

Respectfully submitted by:

Gennaro Cariglio Jr.
Attorney for the Defendant
1177 Kane Concourse
Suite 120
Bay Harbor Islands, FL 33154
(305) 865-2300
Florida Bar No.: 51985