IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE UNITED STATES OF AMERICA,
  Plaintiff

vs.

Case No: 00-6047-CR-Huck

JARROD KNIGHT,
  Defendant.

## *MOTION FOR JUDGMENT OF ACQUITTAL*

COMES NOW, the defendant, by and through undersigned counsel, and pursuant to F.R.Cr.P. 29© respectfully requests this Court enter a judgment of acquittal as to Counts I and II of the Indictment, and in support thereof would state:

1. Count I of the Indictment charges Jarrod Knight with Conspiracy to Import cocaine and marijuana, in violation of 21 U.S.C., Section 963.

2. Count II of the Indictment charges Jarrod Knight with Conspiracy to Possess with the Intent to Distribute cocaine and marijuana, in violation of 18 U.S.C., Section 841(a)(1).

3. As to Count I of the Indictment, there was a material variance between the indictment and the proof offered at trial. Specifically, the proof offered at trial indicated there were at least two conspiracies, while the indictment alleged only a single conspiracy.

To prove the existence of a single overarching conspiracy, rather than multiple independent conspiracies, three factors are considered, first, was there a common goal; second, what was the nature of the criminal scheme; and third, what was the overlap of the participants in



the various dealings of the conspiracy. *See United States v. Coy*, 19 F. 3d. 629, 633 (11th Cir. 1994), *United States v. LaSpesa*, 956 F. 2d 1027, 1031 (11th Cir. 1992)

First, it is clear from the evidence adduced at trial that there were two separate goals. One goal was to import marijuana and the other goal was to import cocaine. Since their are two distinct goals this factor suggests separate conspiracies.

The second factor is the nature of the criminal scheme. The defendant concedes that the importation of marijuana and cocaine were imported in a similar way and at the same location facilitated by container numbers being provided to Cecil McCleod for off-loading purposes. As such, that factor would suggest a single conspiracy.

The third factor is the overlap of participants. The owners of the cocaine and marijuana were different. The countries of origin of the cocaine and marijuana were different. The brokers of the cocaine and marijuana deals were different. The ultimate distributors of the cocaine and marijuana were different. Furthermore, the marijuana deals involved two co-defendants, Donnell Boks and Earnest Archie, who had nothing to do with the cocaine deals. There was never any evidence adduced at trial that Jarrod Knight participated or even knew of the marijuana deals. There is hardly any overlap of participants, just Cecil McCleod and Mark Knight. This factor strongly suggests the existence of separate conspiracies.

Since two of the three factors suggest multiple conspiracies as opposed to a single conspiracy, Jarrod Knight is entitled to a judgment of acquittal. *See Eleventh Circuit Pattern Jury Instruction 11.3*.

    4.    As to Count II of the Indictment, there was never any evidence adduced at trial to

show that Jarrod Knight conspired to possess cocaine and marijuana with the intent to distribute. In a light most favorable to the Government, the evidence presented at trial was an agreement by Jarrod Knight to provide container numbers to Cecil McCleod that were received from Enrique Wong. There was no evidence offered at trial of any agreement, either direct or implied, that Jarrod Knight was going to possess these controlled substances with the intent to distribute them.

Furthermore, Knight reallege and adopts his multiple conspiracy argument for Count II.

5. Jarrod Knight hereby adopts the motions for judgments of acquittal of the co-defendants that are applicable to him.

WHEREFORE the defendant prays this Honorable Court grant his motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to AUSA Mike Dittoe, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, FL 33394, Gary Rosenberg, Esq. 255 Alahambra Circle, Coral Gables, FL 33134, Harold Keefe, Esq. 19220 E. Oakmont Dr. Hialeah, FL 33015-2004, and Phillip Horowitz, Esq., 12651 S. Dxie Highway Ste. 328, Miami, FL 33156 on this 28th day of June, 2001.

Respectfully submitted by:

Gennaro Cariglio Jr.
Attorney for the Defendant
1177 Kane Concourse
Suite 120
Bay Harbor Islands, FL 33154
(305) 865-2300
Florida Bar No.: 51985