UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6047-CR-HUCK

UNITED STATES OF AMERICA, )
                          )
       Plaintiff,         )
                          )
v.                        )
                          )
JAMES BOOKER, et al.      )
                          )
       Defendants.        )
_____)

## GOVERNMENT'S RESPONSE TO MOTIONS FOR JUDGMENTS OF ACQUITTAL

### I. Introduction

Comes now the United States and files its response to the Defendants's motions for judgments of acquittal. As the court is aware, the jury was not able to return a verdict on several counts and found certain defendants not guilty on other counts. The defendants assert that there was insufficient evidence in order to send the case to the jury, that the doctrine of collateral estoppel bars the government from introducing evidence related to the acquitted counts in the re-trial on the conspiracy charges and that there were multiple conspiracies as a matter of law. The defendants's positions are without merit and the motions for judgment of acquittal should be denied.

### II. Sufficiency of the Evidence

Motions for judgment of acquittal are reviewed under well settled legal standards. In deciding a motion for judgment of



acquittal the district court must determine whether, viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the government, any reasonable jury could find that the evidence established guilt beyond a reasonable doubt. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942), <u>United States v. Thomas</u>, 987 F.2d 697, 701 (11th Cir. 1993). Under this standard, all motions for judgment of acquittal should be denied.

This is a prosecution involving conspiracies to import and distribute controlled substances. There is direct evidence implicating all the defendants in the charged conspiracy. Specifically, cooperating witnesses Cecil McCleod and Mark Knight testified that they directly participated in the drug conspiracy with defendants Booker, Knight and Boks. Cooperating witnesses Cecil McCleod and Vincent King testified that defendant Archie was a member of the narcotics conspiracy. This testimony was based on the personal knowledge of the cooperating witnesses gained as a result of participating in and observing the criminal acts committed by the aforementioned defendants.

The testimony of the cooperating witnesses was corroborated by court authorized electronic interceptions of the defendants Booker, Boks and Archie. The case against Knight was corroborated by various telephone records indicating contact with Knight during the time of the charged conspiracies.

The government presented more than sufficient evidence to demonstrate the guilt of the defendants beyond a reasonable doubt. Consequently, the defendants's motions for judgment of acquittal should be denied.

### III. Collateral Estoppel Does Not Bar the Government From Introducing Evidence Related to Counts on Which a Defendant Was Acquitted in a Re-Trial on the Conspiracy Charges

The defendants assert that the government may not introduce evidence that related to counts on which a defendant was acquitted in the re-trial of that defendant on the charge of conspiracy. Defendants argue that, because a jury found them not guilty on certain counts, the evidence related to the acquitted counts may not be introduced against them at the re-trial on the conspiracy charge. Defendants's position is without merit under Eleventh Circuit precedent.

At the outset, the United States observes that in the context of a retrial the term collateral estoppel is a misnomer because a retrial is considered to be a continuation of the first trial and thus the estoppel or bar could not be considered collateral. For this reason the term direct estoppel more appropriately characterizes the application of the estoppel principles in the context of a retrial. United States v. Shenberg, 89 F.3d 1461, 1478 (11th Cir. 1986).

The application of estoppel in the context of retrials has been the cause for considerable reflection by the courts. See

3

e.g., United States v. Maybury, 274 F.2d 899 (2d. Cir. 1960)(thoughtful debate between Judge Hand and Judge Friendly on this issue). This discussion and reflection has been distilled into a bright line rule enunciated by for the Eleventh Circuit in a series of cases, see e.g., United States v. Demarco, 791 f.2d 833, 836 (11th Cir. 1986); United Staes v. Bennet, 836 F.2d 1314, 1316 (11th Cir. 1988); United States v. Brown, 983 F.3d 201, 202 (11th Cir. 1993); United States v. Shenberg, 89 F.3d 1461, 1479 (11th Cir. 1996), that clearly allows the United States to introduce evidence related to an acquitted substantive count in a re-trial on conspiracy charges.

In United States v. Shenberg, 89 F.3d 1461, 1479 (11th Cir. 1996) the court set forth the following bright line test to determine the application of the doctrine of estoppel in criminal prosecutions following partial acquittals. First, courts must examine the verdict and the record to see what facts, if any, were necessarily determined in the acquittal at the first trial. Second, the court must determine whether the previously determined facts constituted an essential element of the mistried counts.

The Shenberg court went on to conclude that an acquittal on a substantive count does not bar a re-trial on a conspiracy count that encompassed the acquitted count because the actual commission of the underlying crime does not constitute an

essential element of a conspiracy offense. 89 F.3d at 1479. This bright line test, like the test for double jeopardy set forth in Blockburger v. United States, 284 U.S. 299 (1932), is easily applied and allows for increased certainty in judicial decision making. Simply put, under Shenberg a defendant may *always* be retried on a mistried conspiracy charge even if the defendant was acquitted of a related substantive count. This is the case because a conspiracy charge does not require the actual commission of a substantive offense. Accord, United States v. Brackett, 113 F.3d 1396, 1399 (5th Cir.1997)(commission of substantive drug offense not an essential element of a conspiracy to distribute narcotics).[1]

This rule serves important public policy concerns and takes into consideration the fact that inconsistent verdicts often show a jury's decision to acquit a defendant in the teeth of the law and the facts. See United States v. Maybury, 274 F.2d 899, 902 (2d. Cir. 1960)(discussing the interplay of the rule that

---

[1] Defendant Archie suggests that principle in Shenberg, a RICO case, should be limited to RICO cases. However, Shenberg itself imposed no such limitation nor has defendant offered a principled distinction between a RICO conspiracy and other criminal conspiracies. The key to the decision is Shenberg was the legal principle that the "the actual commission of the underlying offense does not constitute an 'essential element' of a RICO conspiracy." 89 F.3d at 1479. The same is true, of course, of a narcotics conspiracy. See, e.g., United States v. Brackett, 113 F.3d 1396, 1399 (5th Cir. 1997)(commission of substantive drug offense not an essential element of a conspiracy to distribute narcotics).