UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6047-CR-HUCK



UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES BOOKER, et al.,

    Defendant.

_____/

**Government's Motion Concerning the Use of Reports of Interview**

Comes now the United States and files this motion concerning the use of Agent's Reports of Interviews.

A. **Introduction**

It is well settled that reports of interview, are not statements made by the witness and it is, therefore, grossly unfair to use those reports to impeach the witness in that they are not statements of that witness. Because these reports may not be used to impeach a witness, the United States requests that when cross-examining a witness defense counsel not make any specific reference to any report of interview. Counsel should be limited to asking whether the witness made a certain statement to a law enforcement agent and should be prohibited from referring to or mentioning any report of interview.

    **B. Reports of Interview Are Not Admissible At Trial to
    Impeach the Testimony of the Person who Was Interviewed**

In this case, many cooperating defendants were interviewed

by law enforcement agents. These interviews were reduced to Reports of Interview know as ROI's. These documents do not contain verbatim statements of the person being interviewed, but are rather summaries of what the witness said based on the rough notes of the agent.

It is well settled that a law enforcement agent's reports of interview may not be used to impeach the testimony the witness who was interviewed because such reports do <u>not</u> constitute witness statements under 18 U.S.C. § 3500 or Fed. R. Crim. Pro. 26.2. Because these reports are not the statement of the witness their production is disfavored because they "would threaten the witness with impeachment on the basis of statements that they did not make." <u>United States v. Judon</u>, 581 F.2d 553, 555 (5th Cir. 1977). In this case, in an abundance of caution the United States produced these reports under the general ambit of <u>Giglio</u>.

In <u>United States Martinez</u>, 87 F.3d 731 (5th Cir. 1996), the district court ordered the government to produce an agent's report of what a witness had told the agent. The government resisted production and perfected a pre-trial appeal of the court's decision. 87 F.3d at 734. The Court reversed and reaffirmed its holding in <u>Judon</u> that reports of interviews by agents do not constitute Jencks Act material. Thus the holding in <u>Judon</u> remains valid and the United States is not generally obligated to disclose agent summary reports of witness

interviews. United States v. Martinez 87 F.3d at 739.

As the court noted in United States v. Martinez, 87 F.3d at 739, there is the possibility that reports of witness interviews may contain exculpatory material, however, the mere fact they could be used to impeach a witness on some point does not require the report to be disclosed. Rather the report need only be disclosed if it clearly shows a material difference between the information given during an interview and the witnesses's testimony at trial e.g., an initial interview of a cooperating witness in which he or she witness denied his or her criminal responsibility. In this regard the, the government notes that all the reports have been disclosed in case any defendant asserts that there is a material inconsistency among the testimony of the cooperating witnesses.

However, the fact of disclosure does not address the manner in which the reports should be used or the manner in which the alleged material difference should be put forth before the jury. Because the reports are not the statement of the witness the reports themselves should not be mentioned shown or refereed to in any manner before the jury. The witness may be asked about a material inconsistency, but defense counsel should be prohibited from using the report to impeach the witness.

It is the government's position that times, dates and amounts of narcotics transactions that are set forth in the

report are not material inconsistencies in that the reports are not the statement of the witness that is testifying. A material inconsistency would be, for example, an assertion in a report that a witness denied that a particular person was involved in a narcotics transaction.

C. **Conclusion**

The United States moves the court to prohibit defense counsel from referring to the reports of interview and from showing such reports to the jury in any demonstrative manner.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court ID #A5500209
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 356-7255

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered on August 27, 2001, in open court, to all counsel of record.

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY